UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAURI ANN POOLE,

       Plaintiff,

v.                                  Case No.  1:15-CV-1261

FEDERAL NATIONAL               HON. GORDON J. QUIST
MORTGAGE ASSOCIATION,

       Defendant.
_____/

**OPINION**

       Plaintiff, Lauri Ann Poole, filed a one-count complaint against Defendant, Federal National Mortgage Association (FNMA), in the Ingham County Circuit Court on or about November 23, 2015, alleging a state-law claim of wrongful foreclosure. FNMA removed the case to this Court on December 7, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at PageID.2–3.)

       FNMA has moved to dismiss Poole's complaint for failure to state a claim, and Poole has filed a motion for leave to file a first amended complaint. Both motions are fully briefed and ready for decision.

       For the following reasons, the Court will grant FNMA's motion to dismiss. The Court will grant Poole's motion for leave to amend in part. In particular, the Court will allow Poole to amend her complaint to allege a claim for declaratory relief, but will deny Poole's request to allege a claim for quiet title.

**I. BACKGROUND**

       On July 13, 2005, Poole obtained a mortgage loan from Lender Ltd. d/b/a Home Loan Specialists, Inc. (the original lender) in the amount of $188,300. (ECF No. 1-1 at PageID.11.) To

evidence the loan, Poole signed a promissory note payable to the original lender and granted a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the original lender, on real property located at 1181 S. Osborne Road, Dansville, Michigan 48819, as security for the loan. (*Id.* at PageID.10; ECF No. 8-3.)  The mortgage was recorded in the Ingham County Register of Deeds on August 9, 2005.  On or about October 19, 2007, MERS assigned the mortgage to SunTrust Mortgage, Inc..  The assignment was recorded in the Ingham County Register of Deeds on or about February 6, 2008.  (ECF no. 8-4.)  On or about December 8, 2011, MERS executed a "Corrective" Corporate Assignment of Mortgage to SunTrust, which was recorded in the Ingham County Register of Deeds on or about January 5, 2012.  (ECF No. 8-5.)  On October 15, 2013, SunTrust assigned the mortgage to FNMA. The assignment was recorded in the Ingham County Register of Deeds on or about October 16, 2013.  (ECF No. 1-1 at PageID.11; ECF No. 8-6.)  On or about February 1, 2014, FNMA transferred the servicing rights of the mortgage to Seterus, Inc. (ECF No. 1-1 at PageID.12.)

Poole defaulted on the mortgage loan sometime in 2007 or 2008.  Subsequently, Poole entered into a series of loan modification agreements with SunTrust, including a final loan modification agreement in June of 2010. (*Id.* at PageID.14–17.)  On August 9, 2012, Poole filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code. (*Id.* at PageID.17.) The bankruptcy case was dismissed for noncompliance with certain requirements, and Poole subsequently filed another Chapter 13 case in August of 2013.  Poole dismissed the second Chapter 13 case in the summer of 2014. (*Id.* at PageID.17–18.)

On or about November 13, 2015, FNMA initiated a non-judicial foreclosure of the mortgage, and a sheriff's sale was scheduled for December 3, 2015.  (*Id.* at PageID.18.)  Poole filed her state-court complaint on November 23, 2015, seeking to stop the sheriff's sale.

## II. DISCUSSION

*Motion to Dismiss*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

As a general rule, in addressing a motion to dismiss a district court may not consider matters outside the pleadings unless the motion is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, the Sixth Circuit

has held that, without converting such a motion to one for summary judgment, a district court may "consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). Accordingly, the Court may consider the documents Poole references in her complaint, as well as the exhibits attached to FNMA's brief in support of its motion.

As noted, Poole's sole claim is for wrongful foreclosure. With regard to FNMA, Poole alleges that SunTrust assigned the mortgage to FNMA on October 15, 2013, that FNMA is the current mortgagee, that subsequent to the assignment Poole received correspondence from Seterus, Inc., acting as the servicer for FNMA, and that since the dismissal of Poole's second Chapter 13 case, she heard nothing from FNMA or Seterus until October 21, 2015, when she received a letter from FNMA's foreclosure counsel, stating that FNMA intended to initiate foreclosure proceedings. (ECF No. 1-1 at PageID.11 ¶¶ 10-11, PageID.17–18 ¶¶ 45–46, 48.) Finally, Poole alleges that "Defendant [FNMA] has wrongfully foreclosed based on erroneous information and amounts derived from Sun Trust Mortgage, refusal to apply payments, refusal to accept payments and lack of standing based upon ineffective and (sic) assignment being based upon a fraudulent assignment from a non-existent assignor to SunTrust Mortgage, Inc. from whence Defendant [FNMA] allegedly obtained its authority." (*Id.* at PageID.18–19 ¶ 50.)

Pursuant to M.C.L.A. § 600.3204(1),

a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
    (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L.A. § 600.3204(1).  In addition, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L.A. § 600.3204(3).

In moving to dismiss, FNMA initially argued that Poole failed to state a claim because Poole failed to allege that any of the requirements under M.C.L. § 600.3201 were not met, because the single paragraph of substantive allegations in the complaint pertaining to FNMA (paragraph 50) consists entirely of legal conclusions with no supporting facts, and because Poole failed to allege fraud or irregularity in the foreclosure process.  In response, Pool argues that she has stated a claim for wrongful foreclosure, and is thus entitled to injunctive relief, because SunTrust breached its loan modification agreement with Poole by failing to apply payments according to the terms of that agreement, resulting in the first requirement of M.C.L. § 600.3204(1) not being met.  That is, Poole argues that because SunTrust breached the modification agreement by failing to properly apply Poole's payments and by eventually rejecting her payments, FNMA lacks the legal right to exercise the power of sale clause in the mortgage because there was no default.  FNMA filed a reply asserting, for the first time, that Poole's wrongful foreclosure claim is not ripe because no foreclosure sale has occurred.[1]  In addition, FNMA reiterates its argument that Poole does not allege

---

[1] Although FNMA first raised the ripeness issue in its reply, Poole has not requested an opportunity to respond to this argument.  FNMA filed its reply on March 28, 2016.  Poole has thus had ample time to request leave to file a surreply.

5

any deficiency in the foreclosure process, and it argues that SunTrust's alleged breach of contract is not a legally valid basis to support Poole's wrongful foreclosure claim.

The Court begins its analysis by addressing FNMA's argument that Poole's claim is not ripe because no foreclosure has occurred. As FNMA notes, several district courts have dismissed wrongful foreclosure claims because a foreclosure sale had not occurred at the time the complaint was filed or dismissed. *See McLaughlin v. Chase Home Fin., LLC*, No. 2:11-CV-11012, 2012 WL 995284, at *5 (E.D. Mich. Mar. 23, 2012), *aff'd* 519 F. App'x 904 (6th Cir. 2013) ("Plaintiffs have also failed to establish whether a claim for 'wrongful foreclosure' may be brought in this case, in light of the fact that nothing in the record appears to indicate that a foreclosure sale has actually taken place."). In *Mowett v. JPMorgan Chase Bank*, No. 15-12612, 2016 WL 1259091 (E.D. Mich. Mar. 31, 2016), the court concluded that the plaintiff's wrongful foreclosure claim was not ripe because no foreclosure sale had occurred, thus precluding the plaintiff from "demonstrat[ing] any fraud resulting in prejudice relating to a foreclosure proceeding." *Id.* at *5; *see also Harris v. LNV Corp.*, No. 3-12-0552, 2014 WL 3015293, at *4 (M.D. Tenn. July 2, 2014) (concluding that the plaintiff's wrongful foreclosure claim was not ripe because a foreclosure sale had not occurred). This Court agrees that a so-called wrongful foreclosure claim—one seeking to set aside a foreclosure sale for noncompliance with the statutory requirements—cannot be ripe until a foreclosure sale actually occurs. However, the Court sees no reason why a homeowner cannot seek relief from a court before a foreclosure sale occurs by seeking a declaratory judgment that the lender is not entitled to foreclose because it fails to meet one or more of the statutory requirements. The Sixth Circuit considers three factors in evaluating ripeness:

> First, we examine the likelihood that the harm alleged by [the] plaintiffs will ever come to pass. Second, we consider whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective

> claims. Finally, we must assess the hardship to the parties if judicial relief is denied at [this] stage in the proceedings.

*Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (quotation marks and citations omitted) (alterations in original). In the context of a request for declaratory relief, "[t]he test to be applied . . . 'is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S. Ct. 1749, 1755 (1972) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512 (1941)). In this Court's judgment, a borrower's request for a declaratory judgment that an impending foreclosure sale will not meet the statutory requirements would satisfy the ripeness test. *Cf. Anderson v. Bank of Am., N.A.*, No. 13-12834, 2013 WL 5770507, at *2–3 (E.D. Mich. Oct. 24, 2013) (dismissing on the merits the plaintiff's request for a declaratory judgment that the foreclosure proceedings would violate M.C.L. § 600.3204(1) and (3)). Having searched the complaint's allegations, however, the Court finds no reference to declaratory relief.

Even if the Court could construe Poole's claim as one requesting declaratory relief, her claim would still be subject to dismissal because paragraph 50—the sole paragraph citing any basis for concluding that FNMA is not legally entitled to foreclose—contains legal conclusions, not facts, and is thus subject to dismissal under *Twombly*. In addition, to the extent Poole challenges the validity of the assignments from MERS to SunTrust as fraudulent or ineffective to accomplish the assignment, she lacks standing to maintain such a challenge. In *Livonia Properties Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010), the court stated that a third party to an assignment lacks standing to challenge the validity of an assignment, except where a third party obligor is subject to the risk of having to pay the same debt twice. *Id.* at 102. In *Smith v. Litton Loan Servicing, LP*, 517 F. App'x 395 (6th Cir. 2013), the court held that pursuant

7

to *Livonia Properties*, the plaintiff could not challenge the foreclosing party's compliance with a pooling and service agreement because the plaintiff was neither a party nor a third-party beneficiary to the agreement. *Id.* at 397. The court observed that "[w]hile a plaintiff in a foreclosure case can challenge the existence of a record chain of title, the record chain of title is distinct from the validity of each underlying agreement in the chain of title." *Id.* at 397–98. In the instant case, Poole's allegations and the documents in the record show that FNMA holds the mortgage pursuant to a valid record chain of title. Poole alleges no facts indicating that she will be harmed or will be subject to double liability on the mortgage debt because of defects in the assignments. *See Dye v. Wells Fargo Home Mortg.*, No. 13-cv-14854, 2014 WL 1908285, at *5 (E.D. Mich. May 13, 2014) ("Because Plaintiff does not allege any facts that would support . . . defenses [of assignee's lack of title, nonassignability of the instrument, and a prior revocation of the assignment] and does not plausibly allege that he has ever been or will be placed in a situation that would cause him to incur double payments on his Mortgage, he lacks standing to challenge the assignment from MERS to Wells Fargo.").

### *Motion to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." However, a court is not required to mechanically grant requests for leave to amend. "[D]istrict courts can exercise their discretion to deny a motion for leave to amend based on 'undue delay, bad faith or dilatory motive . . . [or] futility of amendment." *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 729 (6th Cir. 2009) (quoting *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007)). A motion to amend is futile if the proposed amendment would not survive a motion to dismiss under Rule 12(b)(6). *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014).

Poole requests leave to file a proposed amended complaint alleging a claim for injunctive relief (Count I) and a claim for quiet title (Count II).  FNMA argues that the Court should deny Poole's motion both as futile and because Poole's undue delay in seeking leave to amend is prejudicial to FNMA.

With regard to futility, FNMA first argues that Poole's new claims for injunctive relief and to quiet title are not claims, but instead are remedies.  *See Riley-Jackson v. Ocwen Loan Servicing, LLC*, No. 13-cv-12538, 2013 WL 5676827, at *5 (E.D. Mich. Oct. 18, 2013) ("Plaintiff's request for injunctive relief in Count III must also be denied because injunctive relief is a remedy and not an independent cause of action." (citing *Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008)); *Steinberg v. Fed. Home Loan Mortg. Corp.*, 901 F. Supp. 2d 945, 955 (E.D. Mich. 2012) (noting that "quiet title is a remedy and not a separate cause of action").  FNMA is correct that both claims are, in fact, remedies and not claims or causes of action.  However, as to Count I, Poole's requested relief includes "declaring that FNMA may not legally exercise any right or power to sell the Home." (ECF No. 12-1 at PageID.121.)  Poole does not refer to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, but her allegations indicate that she is seeking declaratory relief with the remedy of an injunction on the grounds that the statutory foreclosure requirements are not satisfied because no default has occurred and because FNMA lacks a valid chain of title.  For the reasons set forth above, Poole's challenges to the various assignments provide no basis for relief because Poole lacks standing.

On the issue of default, however, the Court concludes that Poole's allegations suffice to establish a plausible claim that there has been no default.  While Poole admits that she defaulted on the mortgage loan in 2007 or 2008, she alleges that she entered into a loan modification agreement with SunTrust in June of 2010, that she made payments to SunTrust pursuant to that agreement, that

9

SunTrust misapplied those payments contrary to the loan modification agreement, and that SunTrust eventually stopped accepting Poole's payments. Poole supports her allegations by attaching to her proposed pleading a Loan Modification Agreement, dated June 4, 2010, signed by Poole and a representative of SunTrust. (ECF No. 12-4.) Such allegations could suffice to show that FNMA lacks a present right to foreclose. *See Mowett v. JPMorgan Chase Bank, N.A.*, No. 15-12612, 2016 WL 1259091, at *3 (E.D. Mich. Mar. 31, 2016) (noting that after the defendant granted the plaintiff a loan modification, the defendant committed errors but eventually corrected them, reinstated the loan, and cancelled the foreclosure). FNMA's argument that Poole does not allege a breach of contract claim is beside the point, because Poole is alleging that SunTrust breached the modification agreement as part of her claim for declaratory relief, rather than as a coercive breach of contract claim. Moreover, FNMA's citation of *Williams v. Pledge Property II, LLC*, 508 F. App'x 465 (6th Cir. 2012), as support for the proposition that SunTrust's alleged breach cannot suffice to prevent the foreclosure, is unconvincing. In *Williams*, the foreclosure sale had already occurred—in fact, the plaintiff filed his complaint after the redemption period expired—and the plaintiff was required to make a clear showing of fraud or irregularity in order to extend the redemption period. *Id.* at 466–68. Moreover, the plaintiff was not relying on a signed loan modification agreement, but upon "oral assurances during a negotiation" that were both subject to Michigan's statute of frauds and not fraudulent. *Id.* at 468–69. Here, of course, no foreclosure sale has taken place, and Poole has attached a modification agreement signed by a SunTrust representative that does not run afoul of the statute of frauds.

Poole's quiet title claim, on the other hand, *is* futile. The essence of the claim is that the assignment to SunTrust was invalid, thus, FNMA never received a valid assignment. As set forth above, Poole lacks standing to assert such a claim.

10

FNMA also argues that the doctrine of unclean hands bars Poole's claim for declaratory relief because Poole admits that she failed to make the required payments under the note and mortgage. FNMA's argument ignores the subsequent loan modification agreement and Poole's allegation that SunTrust failed to honor that agreement. Finally, FNMA argues that Poole has unduly delayed in requesting leave to amend and that such delay prejudices FNMA because Poole's request for leave to amend is simply a delay tactic designed to forestall the inevitable foreclosure. Although Poole's proposed amendment really amounts to a clarification of her factual allegations and the addition of a request for declaratory relief, the Court find no undue delay. The case is in its early stages, Poole filed her motion in response to FNMA's motion to dismiss, and no discovery has taken place. Moreover, given that FNMA has spent minimal resources on this litigation up to this point, it will not be prejudiced by the amendment.

### III. CONCLUSION

For the foregoing reasons, the Court will grant FNMA's motion to dismiss. The Court will grant Poole's motion to amend, but will require Poole to file a first amended complaint alleging only a claim for declaratory relief on the ground that no default has occurred.

An Order consistent with this Opinion will be entered.


Dated: June 2, 2016                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE